MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CLAY CALLE JARA, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION** |

MANNA 2ND AVE LLC  (D/B/A GINA LA
FORNARINA), MANNA MADISON
AVENUE LLC (D/B/A GINA LA
FORNARINA), WEST D & P LLC (D/B/A
GINA), MANNA LEXINGTON AVENUE
LLC (D/B/A GINA LA FORNARINA),
MAMEXICANA LLC (D/B/A GINA
MEXICANA), PAOLA PEDRIGNANI, and
IGOR SEGOTA,

**ECF Case**

*Defendants.*
-------------------------------------------------------X

Plaintiff Clay Calle Jara ("Plaintiff Calle" or "Mr. Calle"), individually and on behalf of

others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon

his knowledge and belief, and as against Manna 2nd Ave LLC (d/b/a Gina la Fornarina), Manna

Madison Avenue LLC (d/b/a Gina la Fornarina), West D & P LLC (d/b/a Gina), Manna Lexington

Avenue LLC (d/b/a Gina la Fornarina), Mamexicana LLC (d/b/a Gina Mexicana), ("Defendant

Corporations"), Paola Pedrignani and  Igor Segota, ("Individual Defendants"), (collectively,

"Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Calle is a former employee of Defendants Manna 2nd Ave LLC (d/b/a Gina la Fornarina), Manna Madison Avenue LLC (d/b/a Gina la Fornarina), West D & P LLC (d/b/a Gina), Manna Lexington Avenue LLC (d/b/a Gina la Fornarina), Mamexicana LLC (d/b/a Gina Mexicana), Paola Pedrignani, and Igor Segota.

2.       Defendants own, operate, or control a five restaurants, located  at 1575 2nd Avenue, New York, NY 10028 (a.k.a. 240 E 82nd street, New York, NY 10028) under the name "Gina la Fornarina" (hereinafter, the Second Avenue location),  at 26 East 91st street, New York, NY 10128 under the name "Gina la Fornarina" (hereinafter, the Madison Avenue location),  at 2028 Broadway Avenue, New York, NY 10023 (a.k.a. 150-154 W 70th street, New York, NY 10023) under the name "Gina",  at 1016 Lexington Avenue, New York, NY 10021 under the name "Gina la Fornarina" (hereinafter, the Lexington Avenue location), and  at 1288 Madison Ave, New York, NY 10128 under the name "Gina Mexicana".

3.      Upon information and belief, individual Defendants Paola Pedrignani and Igor Segota, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Calle was an employee of Defendants.

5.      Plaintiff Calle was employed as a counter attendant and then as a cook at the restaurants located at 1575 2nd Avenue, New York, NY 10028 (a.k.a. 240 E 82nd street, New York, NY 10028), 26 East 91st street, New York, NY 10128, 2028 Broadway Avenue, New York, NY 10023 (a.k.a. 150-154 W 70th street, New York, NY 10023), 1016 Lexington Avenue, New York, NY 10021, and 1288 Madison Ave, New York, NY 10128.

6.    At all times relevant to this Complaint, Plaintiff Calle worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Calle appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiff Calle the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.    Defendants' conduct extended beyond Plaintiff Calle to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Calle and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.    Plaintiff Calle now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Calle now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Calle's state law claims under 28 U.S.C. § 1367(a).

14.   Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a chain of restaurants located in this district. Further, Plaintiff Calle was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.   Plaintiff Clay Calle Jara ("Plaintiff Calle" or "Mr. Calle") is an adult individual residing in Queens County, New York.

16.   Plaintiff Calle was employed by Defendants at Gina La Fornarina NYC from approximately 2009 until on or about February 2017.

17.   Plaintiff Calle consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

18.   At all relevant times, Defendants own, operate, or control a chain of restaurants, located at 1575 2nd Avenue, New York, NY 10028 (a.k.a. 240 E 82nd street, New York, NY 10028) under the name "Gina la Fornarina", at 26 East 91st street, New York, NY 10128 under the name "Gina la Fornarina", at 2028 Broadway Avenue, New York, NY 10023 (a.k.a. 150-154

W 70th street, New York, NY 10023) under the name "Gina", at 1016 Lexington Avenue, New York, NY 10021 under the name "Gina la Fornarina", and at 1288 Madison Ave, New York, NY 10128 under the name "Gina Mexicana".

19.    Upon information and belief, Manna 2nd Ave LLC (d/b/a Gina la Fornarina) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1575 2nd Avenue, New York, NY 10028 (a.k.a. 240 E 82nd street, New York, NY 10028).

20.    Upon information and belief, Manna Madison Avenue LLC (d/b/a Gina la Fornarina) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 26 East 91st street, New York, NY 10128.

21.    Upon information and belief, West D & P LLC (d/b/a Gina) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2028 Broadway Avenue, New York, NY 10023 (a.k.a. 150-154 W 70th street, New York, NY 10023).

22.    Upon information and belief, Manna Lexington Avenue LLC (d/b/a Gina la Fornarina) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1016 Lexington Avenue, New York, NY 10021.

23.    Upon information and belief, Mamexicana LLC (d/b/a Gina Mexicana) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1288 Madison Ave, New York, NY 10128.

24.    Defendant Paola Pedrignani is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Paola Pedrignani is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Paola Pedrignani possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Calle, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Igor Segota is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Igor Segota is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Igor Segota possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Calle, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

26.    Defendants operate a chain of restaurants located in the multiple neighborhoods in Manhattan.

27.    Individual Defendants, Paola Pedrignani and Igor Segota, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Calle's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Calle, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Calle (and all similarly situated employees) and are Plaintiff Calle's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Calle and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants Paola Pedrignani and Igor Segota operate Defendant Corporations as either alter egos of  themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.   At all relevant times, Defendants were Plaintiff Calle's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Calle, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Calle's services.

34.   In each year from 2012 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.   addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.   Plaintiff Calle is a former employee of Defendants who was employed as a counter attendant and a cook.

37.   Plaintiff Calle seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Clay Calle Jara*

38.    Plaintiff Calle was employed by Defendants from approximately 2009 until on or about February 2017.

39.    Defendants employed Plaintiff Calle as a counter attendant and then as a cook.

40.    Plaintiff Calle regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.    Plaintiff Calle's work duties required neither discretion nor independent judgment.

42.    Throughout his employment with Defendants, Plaintiff Calle regularly worked in excess of 40 hours per week.

43.    From approximately March 2012 until on or about February 2017, Plaintiff Calle worked as a cook mainly at the Second Avenue location but invariably at the five restaurants from approximately 10:000 a.m. until on or about 10:00 p.m., 4 days a week and from approximately 10:00 a.m. until on or about 11:00 p.m., 1 day a week (typically 61 hours per week).

44.    Throughout his employment, Defendants paid Plaintiff Calle his wages by check.

45.    From approximately March 2012 until on or about September 2015, Defendants paid Plaintiff Calle a fixed salary of $1000 per week.

46.    From approximately October 2015 until on or about February 2017, Defendants paid Plaintiff Calle a fixed salary of $1100 per week.

47.    Plaintiff Calle's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48.    For example, Defendants required Plaintiff Calle to work an additional 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

49.    Defendants never granted Plaintiff Calle any breaks or meal periods of any kind.

50.    Nevertheless, Defendants deducted $10 to $12.50 per week from Plaintiff Calle's weekly paycheck for meals he never ate.

51.    Defendants took improper and illegal deductions of Plaintiff Calle's wages.

52.    Defendants required Plaintiff Calle to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

53.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Calle regarding overtime and wages under the FLSA and NYLL.

54.    Defendants did not provide Plaintiff Calle an accurate statement of wages, as required by NYLL 195(3).

55.    Prior to January 2013, Defendants provided Plaintiff Calle two adjusted weekly paychecks that reflected inaccurate wages and hours worked, to avoid pay him at overtime rate.

56.    From January 2013, Defendants provided Plaintiff Calle paychecks which show his wages being paid in a fixed salary instead of at an hourly rate.

57.    Defendants did not give any notice to Plaintiff Calle, in English and in Spanish (Plaintiff Calle's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.    Defendants required Plaintiff Calle to purchase "tools of the trade" with his own funds—including 12 pants per year and 6 pairs of shoes.

*Defendants' General Employment Practices*

59.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Calle (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate spread of hours pay and overtime compensation as required by federal and state laws.

60.    Plaintiff Calle was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61.    Defendants habitually required Plaintiff Calle to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

62.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

63.    Defendants' time keeping system did not reflect the actual hours that Plaintiff Calle worked.

64.    Defendants required Plaintiff Calle to sign a document the contents of which he was not allowed to review in order to release his wages.

65.    Defendants paid Plaintiff Calle his wages by check.

66.    Defendants took illegal deductions from Plaintiff Calle's wages for meals he almost never ate.

67.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

68.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Calle (and similarly situated individuals) worked, and to avoid paying Plaintiff Calle properly for his full hours worked.

69.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

70.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Calle and other similarly situated former workers.

71.    Defendants failed to provide Plaintiff Calle and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

72.    Defendants failed to provide Plaintiff Calle and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

73.    Plaintiff Calle brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

74.    At all relevant times, Plaintiff Calle and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

75.    The claims of Plaintiff Calle stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

76.    Plaintiff Calle sues on his  own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

77.    Plaintiff Calle brings his New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Calle, are referred to herein as the "Class."

78.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of

that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

79.    There are questions of law and fact common to the Class including:

a)    What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)    Whether Defendants failed and/or refused to pay Plaintiff Calle the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)    Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f)    Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h)    What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

80.    The claims of the representative parties are typical of the claims of the class. Plaintiff Calle and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

81.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

82.    The common questions of law and fact predominate over questions affecting only individual members.

83.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

84.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

85.    Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

86.    At all times relevant to this action, Defendants were Plaintiff Calle's employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Calle (and the FLSA and Rule 23 Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

87. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

88. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

89. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Calle (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

90. Defendants' failure to pay Plaintiff Calle (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

91. Plaintiff Calle (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

92. Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Calle (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94. Defendants' failure to pay Plaintiff Calle (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95.    Plaintiff Calle (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

96.    Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

97.    Defendants failed to pay Plaintiff Calle (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Calle's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

98.    Defendants' failure to pay Plaintiff Calle (and the FLSA and Rule 23 class members') an additional hour's pay for each day Plaintiff Calle's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

99.    Plaintiff Calle (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

100.   Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

101.  Defendants failed to provide Plaintiff Calle with a written notice, in English and in Spanish (Plaintiff Calle's primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

102.  Defendants are liable to Plaintiff Calle in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

103.  Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

104.  With each payment of wages, Defendants failed to provide Plaintiff Calle with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

105.  Defendants are liable to Plaintiff Calle in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

106.  Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

107.  Defendants required Plaintiff Calle to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing  his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

108.  Plaintiff Calle (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

109.  Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

110.  Defendants made unlawful deductions from wages of Plaintiff Calle (and the FLSA class) including, but not limited to, deductions for meal breaks Plaintiff Calle was not permitted to and did not take.

111.  The deductions made from wages of Plaintiff Calle's and the members of the FLSA class were not authorized or required by law.

112.  Through their knowing and intentional efforts to take unauthorized deductions from the wages of Plaintiff Calle's and the members of the FLSA class, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

113. Plaintiff Calle (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Calle respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Calle and the FLSA and Rule 23 Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Calle's and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Calle and the FLSA and Rule 23 Class members;

(e)    Awarding Plaintiff Calle and the FLSA and Rule 23 Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiff Calle and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Calle;

(h)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Calle(FLSA and Rule 23 Class members);

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Calle's and members of the FLSA and Rule 23 Class compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the provisions of the NYLL and the spread of hours wage order were willful as to Plaintiff Calle and members of the FLSA and Rule 23 Class;

(k)     Awarding Plaintiff Calle and members of the FLSA and Rule 23 Class damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l)     Awarding Plaintiff Calle and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Calle and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiff Calle and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiff Calle and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Calle demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
March 30, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 29, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Clay Calle Jara

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     29 de Marzo 2018

*Certified as a minority-owned business in the State of New York*